UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EDUARDO KING, FERNANDO KING, MI : 
CASA EN ECUADOR, :
: 
                Plaintiffs, :              10-CV-7903 (JSR)
       v. :
:               <u>ECF CASE</u>
:
IMPREMEDIA, LLC, IMPREMEDIA NEW :
YORK, LLC, EL DIARIO, LLC d/b/a EL DIARIO :
LA PRENSA and EL DIARIO, L.P., GLORIA :
MEDINA, DOES 1-12, :
:
                Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT

      Defendants Impremedia, LLC ("Impremedia"), Impremedia New York, LLC

("Impremedia NY"), El Diario, LLC d/b/a El Diario La Prensa and El Diario, L.P. ("El Diario")

(collectively, the "Corporate Defendants"), and Gloria Medina ("Medina") (collectively,

"Defendants") hereby submit this Memorandum of Law in support of their Partial Motion to

Dismiss the Amended Complaint dated January 31, 2010 ("Amended Complaint" or "Am.

Cmpl."), as against Medina, pursuant to Fed. R. Civ. P. 12(b)(6).[1]

### PRELIMINARY STATEMENT

      Plaintiffs Eduardo King, Fernando King, and Mi Casa En Ecuador ("Plaintiffs")

commenced this action on October 18, 2011 alleging that the Corporate Defendants published

---

[1]      A copy of the Amended Complaint that was sent to Defendants' counsel via email on January 31, 2011 is annexed to the accompanying declaration of David Monachino, Esq., sworn to February 9, 2011, ("Monachino Dcl.") as Exhibit "1." A copy of the original complaint ("Cmpl.") is attached to the Monachino Dcl. as Exhibit "2".

two allegedly defamatory articles dated October 17, 2009 and October 21, 2009 (collectively, the "Articles"). Plaintiffs then filed[2] an Amended Complaint on February 1, 2011 in which they added Medina, the author of two Articles as a defendant. The Court should dismiss the Amended Complaint as against Medina, because Plaintiffs are time-barred from commencing this action against her. The one year statute of limitations applicable to a cause of action for defamation clearly mandates dismissal given that the alleged acts of defamation cited in the Amended Complaint, even if true and actionable, were made more than a hundred days after the latest applicable statute of limitations had expired on October 21, 2010. Moreover, Plaintiffs are not permitted to relate the Amended Complaint back to the date of the original pleading, pursuant to Fed. R. Civ. P. 15(c)(1)(C), since there was never a mistake concerning Medina's identity at any time, as is clear from Defendants' own pleadings.

SUMMARY OF FACTS

According to the Complaint and Amended Complaint, on October 17, 2009, El Diario La Prensa, the largest and oldest Spanish-language daily newspaper in New York City, published an article under a headline that read "Estafan con Compras de casas." Cmpl.¶ 19a; Amd. Cmpl. ¶ 22a. The author of the article, "Gloria Medina", was clearly identified in the byline. The author was again clearly identified at the conclusion of the article where an email address for the author was given as gloria.medina@eldiariony.com. See Amd. Cmpl., Exhibit C.

Again, according to the Complaint and Amended Complaint, four days later, on October 21, 2009, El Diario published a follow-up to the above article under the headline "Amenazan a inmigrante estafado." Cmpl.¶ 19c; Amd. Cmpl. ¶ 22e. Like the October 17

---

[2]     It is unclear if Plaintiffs properly filed the Amended Complaint on February 1, 2011 via ECF, because it appears that there is no actual document attached with the filing. See Docket Sheet Entry 8.

article, this article was written by Medina and clearly identified her as the author in the byline. Medina's email address again followed the conclusion of the text.  <u>See</u> Amd. Cmpl., Exhibit C.

On October 18, 2010, Plaintiffs commenced the instant action against Defendants, alleging that the Articles published by Defendants were defamatory toward Plaintiffs.  Attached to Plaintiffs' complaint as an exhibit was a photocopy of the Articles as they appeared in El Diaro.  "Gloria Medina" was clearly identified as the author of the Articles in this attachment C to the Complaint and the Amended Complaint.  <u>See</u> Monachino Dcl. Exhs. 1 & 2.  However, despite knowing that Medina was the author of the Articles, Plaintiffs declined to name her as a defendant in this action.

On February 1, 2011, more than three months after the statute of limitations for Plantiffs' defamation action had run, Plaintiffs filed the Amended Complaint in which they added Medina as a defendant.

<u>**ARGUMENT**</u>

**I.     <u>THE LEGAL STANDARDS ON THIS MOTION TO DISMISS</u>**

   **A.     <u>Motion to Dismiss</u>**

Fed. R. Civ. P. 12(b)(6) provides the most appropriate legal basis for a motion to dismiss on statute of limitations grounds.  <u>Adams v. Crystal City Mariott Hotel</u>, 2004 WL 744489 (S.D.N.Y 2004) ("The standards and procedures under Rule 12(b)(6) . . . aptly apply to motions to dismiss upon the affirmative defense of statute of limitations"); <u>Munshi v. New York University</u>, 528 F.Supp. 1088, 1092 (S.D.N.Y. 1981) ("the bar of limitations of time within which to sue is properly raised by motion pursuant to Fed.R.Civ.P. 12(b)(6)").

When considering a Rule 12(b)(6) motion, the Court's function is not to weigh the evidence that might be presented at trial, but merely to determine whether the complaint itself is legally sufficient on its face.  <u>Festa v. Local 3, Int'l Brotherhood of Elec. Workers</u>, 905 F.2d 35, 37 (2d Cir. 1990).  Accordingly, all material allegations of the complaint are accepted as true,

- 3 -

and all reasonable inferences are to be drawn in favor of the non-moving party.  D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93, 99 (2d Cir. 2001).  However, if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief," the complaint should be dismissed.  Id.

      **B.**      **New York Law Applies to this Case**

A federal court hearing a case pursuant to diversity jurisdiction generally must apply the substantive law of the state in which it sits.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938); Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 709 (2d Cir. 2002).  The statute of limitations presents an issue of substantive law, and thus is governed by state law.  Guaranty Trust Co. v. York, 326 U.S. 99, 109-10 (1945); Cantor Fitzgerald, 313 F.3d at 709.

**II.**      **THE APPLICABLE LIMITATIONS PERIOD MANDATES DISMISSAL OF THE AMENDED COMPLAINT AS TO DEFENDANT MEDINA**

      **A.**      **Plaintiffs' Claims as to Defendant Gloria Medina are Time-Barred**

In New York, defamation claims must be commenced within one year of the date of publication.  N.Y. C.P.L.R. § 215(3); Chao v. Mount Sinai Hosp., No. CV-2869 (HB), 2010 WL 5222118, at *6 (S.D.N.Y. Dec. 17, 2010) (dismissing defamation claim under New York's one year statute of limitations).  Under New York law, a cause of action for defamation accrues on the date of the alleged statement.  Id.

The Amended Complaint was filed on February 1, 2011, so any statement or statements made prior to February 1, 2010 is time-barred and may not form the basis for a defamation claim against Medina.  Since the allegedly defamatory statements were made on October 17 and 21, 2009, more than three months prior to February 1, 2010, there is no basis whatsoever for including Medina in this action.

### B.   The Relation-Back Doctrine is Inapplicable

Plaintiffs cannot avail themselves of Fed. R. Civ. P. 15(c), which in certain circumstances permits a plaintiff to amend its pleadings to add a party to a complaint after the statute of limitations has run.  Under Rule 15, a party added to a complaint after the statute of limitations has run "relates back" to the timely filed complaint if (1) the applicable statute of limitations permits relation back, (2) the amendment asserts a claim arising from the "conduct, transaction or occurrence" in the original pleading, and (3) the party to be added (i) received timely notice of the action <u>and</u> (ii) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).  The final criterion is the heart of the question whether relation back is appropriate here.

A plaintiff can establish "mistake" under Rule 15(c)(1)(C)(ii) by showing either factual mistake (for example, he or she misnamed a party or misidentified the party to be sued) or legal mistake (for example, he or she misunderstood the legal requirements of his or her cause of action).  <u>See Heitz v. Braverman</u>, No. 95 Civ. 3866, 1997 WL 13241, at *6 (S.D.N.Y. Jan. 15, 1997) (noting that "the Second Circuit has established that an amended complaint adding individual defendants can relate back where the plaintiff has shown either factual mistake or legal mistake").  However, "failure to identify an individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." <u>Alvarez v. Strack</u>, No. 09 CV-1138 (PGG), 2010 WL 4184480, at *3 (S.D.N.Y. Oct.. 20, 2010) (<u>quoting Barrow v. Wethersfield Police Dept.</u>, 66 F.3d 466 (2d Cir. 1995)); <u>see also In Re Indymac Mortgage-Backed Securities Litigation</u>, 718 F. Supp.2d 495, 506-7 (S.D.N.Y. 2010) (denying relation back where plaintiffs could not show that the proposed additional defendant knew or should have known that his absence from the complaint was the result of a mistake as to the identity of a proper party); <u>accord Buran v. Coupal</u>, 87 N.Y.2d 173, 181 (N.Y. 1995) ("When a plaintiff intentionally decides not to assert a claim against a party known to be potentially liable, there has

been no mistake . . . the plaintiff should not be given a second opportunity to assert that claim after the limitations period has expired."); Alvarado v. Beth Israel Medical Center, 876 N.Y.S. 2d 147 (2d Dep't 2009) (denying relation-back on the grounds that the defendant could have reasonably concluded that the plaintiffs' failure to sue him within the applicable limitations period meant that he had no intent to sue him, and thus, that the matter had been laid to rest ).

Here, the identity of the author of the Articles was clear as day for everyone to see, including Plaintiffs.  Therefore, Plaintiffs' failure to name Medina in the Complaint was not the consequence of a mistake as to her identity.  To the contrary, the prominent mention of Medina's name in the byline of the Articles, the very articles attached as exhibits to both the Complaint and Amended Complaint,  belies any possibility that her identity was ever unknown to Plaintiffs.

Accordingly, the Amended Complaint does not relate back to the earlier filed complaint and the claims against Medina are barred by the one year statute of limitations.

## CONCLUSION

For each of the foregoing reasons, the Amended Complaint should be dismissed as to Medina, with prejudice, and Defendants should be granted such other and further relief as this Court deems appropriate.

Dated: New York, New York
       February 10, 2011

SEYFARTH SHAW LLP

By: __/s David M. Monachino_____
David M. Monachino (DM 1527)
Alexander M. Jeffrey, Jr. (AJ 1823)
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
dmonachino@seyfarth.com
ajeffrey@seyfarth.com

*Attorneys for Defendants*

13107146v.3 / 55502-000006

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Adams v. Crystal City Mariott Hotel,
   2004 WL 744489 (S.D.N.Y 2004) ......................................................................3

Alvarado v. Beth Israel Medical Center,
   876 N.Y.S. 2d 147 (2d Dep't 2009) ..................................................................6

Alvarez v. Strack,
   No. 09 CV-1138 (PGG), 2010 WL 4184480, at *3 (S.D.N.Y. Oct.. 20, 2010) ......5

Barrow v. Wethersfield Police Dept.,
   66 F.3d 466 (2d Cir. 1995) ..............................................................................5

Buran v. Coupal,
   87 N.Y.2d 173, 181 (N.Y. 1995) .......................................................................5

Cantor Fitzgerald Inc. v. Lutnick,
   313 F.3d 704, 709 (2d Cir. 2002) .....................................................................4

Chao v. Mount Sinai Hosp.,
   No. CV-2869 (HB), 2010 WL 5222118, at *6 (S.D.N.Y. Dec. 17, 2010) ............4

D'Alessio v. New York Stock Exchange, Inc.,
   258 F.3d 93, 99 (2d Cir. 2001) .........................................................................4

Erie R.R. Co. v. Tompkins,
   304 U.S. 64, 79-80 (1938) ................................................................................4

Festa v. Local 3, Int'l Brotherhood of Elec. Workers,
   905 F.2d 35, 37 (2d Cir. 1990) .........................................................................3

Guaranty Trust Co. v. York,
   326 U.S. 99, 109-10 (1945) ..............................................................................4

Heitz v. Braverman,
   No. 95 Civ. 3866, 1997 WL 13241, at *6 (S.D.N.Y. Jan. 15, 1997)...................5

In Re Indymac Mortgage-Backed Securities Litigation,
   718 F. Supp.2d. 495, 506-7 (S.D.N.Y. 2010) ...................................................5

Munshi v. New York University,
   528 F.Supp. 1088, 1092 (S.D.N.Y. 1981) .........................................................3

STATUTES

C.P.L.R. § 215(3).............................................................................................4

13107146v.3 / 55502-000006

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 3

Fed. R. Civ. P. 15(c) .............................................................................................. 5

Fed. R. Civ. P. 15(c)(1)(C) ................................................................................... 2

Fed. R. Civ. P. 15(c)(1)(C)(ii) ............................................................................. 5

13107146v.3 / 55502-000006